IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harold Brooks, Clara Louise Brooks, Benjamin Brooks, William F. Tomz, Frances W. Tomz, Sharon Finch, Individually and as Class Representatives,<br><br>                Plaintiff,<br><br>vs.<br><br>Arthur M. Field, Frederick Scott Pfeiffer,<br><br>                Defendants. | Civil Action No.: 6:14-2267-BHH<br><br>**ORDER AND OPINION** |

The plaintiffs Harold Brooks, Clara Louise Brooks, Benjamin Brooks, William F. Tomz, Frances W. Tomz, and Sharon Finch ("the plaintiffs"), brought this action against the defendants Arthur M. Field and Frederick Scott Pfeiffer ("the defendants") alleging violations of the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"). (ECF No. 1.)  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling and a Report and Recommendation, because the defendant Arthur M. Field ("defendant Field"), is proceeding pro se.  Magistrate Judge Austin recommends that the defendant's motion to dismiss be denied. (ECF No. 50.) The Report and Recommendation sets forth in detail the relevant facts and standards of law and the Court incorporates them without recitation.

## **BACKGROUND**

On February 20, 2015, the Magistrate Judge issued a Report and Recommendation recommending that the defendant Field's motion to dismiss be denied. (ECF No. 50.)  On

February 27, 2015, the defendant Field filed objections to the Report and Recommendation (ECF No. 52) and the plaintiffs filed a reply (ECF No. 55).

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation (the "Report") to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).  In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

The magistrate judge prepared an extensive and detailed Report recommending that the defendant Field's motion to dismiss be denied.  (ECF No. 50.)  As noted above, the plaintiff filed objections to the magistrate judge's Report and Recommendation which the Court has carefully reviewed.  The defendant has principally repeated the same arguments he raised in his initial motion to dismiss, as well as his reply.  Having conducted a *de novo*

-3-

review of all portions of the Report and Recommendation to which the defendant has objected, the Court finds that the magistrate judge fairly and accurately summarized the facts and applied the correct principles of law.   The plaintiff's objections  provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition.

## **CONCLUSION**

For the reasons stated above, the court adopts and incorporates by specific reference the magistrate judge's Report and Recommendation.

IT IS ORDERED, therefore, that the defendant's motion to dismiss (ECF NO.  24) is DENIED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

March 18, 2015
Greenville, South Carolina