IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Harold Brooks, Clara Louise Brooks, Benjamin Brooks, William F. Tomz, Frances W. Tomz, and Sharon Finch, Individually and as Class Representatives,<br><br>Plaintiffs,<br><br>vs.<br><br>Arthur M. Field and Frederick Scott Pfeiffer,<br><br>Defendants. | C.A. No. 6:14-cv-02267-BHH-JDA<br><br>PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANT FIELD'S REQUEST FOR MODIFICATION OF SCHEDULING ORDER |

Defendant Arthur Field has filed a request to modify the scheduling order. [Doc. 72] Mr. Field asks to be excused from participating in a conference "to avoid any issues of unjust treatment." This request should be denied on this basis. All counsel of record are bound by the professional oath of the South Carolina Supreme Court, including the oath of civility. The undersigned counsel, ironically, has never spoken with Defendant Field, so there is no basis for such a statement based upon telephone communications. Defendant Field has spoken face-to-face with Mssrs. Connell, Case and Read, at various times from previous matters and has never complained of "unjust treatment."

Refusing to engage in direct dialogue is a means that Defendant Field has recently employed as part of a strategy to protract the amount of time required to communicate about any matter involving the litigation. This strategy is deliberate. Prior to being named a defendant, Defendant Field sent/received over 200 emails with the court-appointed receiver about various

-1-

CIF issues. However, when Mr. Field said he no longer had a copy of the discovery requests, due to the urgency of time, Plaintiffs' counsel kindly emailed him another copy. Defendant Field replied by saying that "email is unreliable" and insisted only receiving information via US mail. [*See*, for example, Exhibit 1, Email from Christopher Westrick, Esq. to Arthur Field documenting the difficulty of having any papers accepted by Field at his home address.]

Allowing Defendant Field to set up these artificial barricades to communication only facilitates his goal to extend the time as much as possible for a resolution to be brought to these matters. Several members of Plaintiffs' counsel will all participate on any telephone call to ensure, just as in every case, the rules of professional conduct will be followed. For these reasons, his requests in items 1 and 3 should respectfully be denied.

In Item 2, Field complains that he has not received any communication about scheduling the Rule 26 conference. In his request filed on April 8, 2015, Mr. Field states that he will be "out of the State of South Carolina" from April 10th through April 18th. He will not accept email. He will not talk on the phone. He is not at home to pick up any US Mail delivered until he returns from a week-long Disc Jockey engagement. By honoring everything Mr. Field requested in his April 8, 2015 motion, it is difficult to understand how any communication was expected to succeed under these circumstances. Plaintiffs were merely awaiting guidance from the Court on this issue, once raised by Field.

Again, because of the manner Defendant Field has framed the only means he wishes to receive communication (no email; no telephone; US mail only), the turnaround time for agreeing to any conference date is automatically extended by a week or more to accommodate delivery of mail and schedules. The parties should be permitted to discuss the scheduling of the conference

over the telephone (or, at least, via email) and then have the Rule 26(f) conference just as it has happened in every other case.

Finally, in Item 4, Defendant Field requests multiple blocks of protection due to disc jockey engagements. Although doubtful these appointments require the week-long blocks for which Mr. Field seeks protection, Plaintiffs do not object to the protection requested in his motion. Plaintiffs respectfully reserve the right to challenge such claims in the future, however.

### Conclusion

To the extent Defendant Field seeks to be excused from or to otherwise circumvent discussing matters via telephone for fear of "unjust treatment," Plaintiffs respectfully ask the Court to deny Mr. Field's request. Plaintiffs do not object to Defendant Field's request for protection for the dates requested therein.

Plaintiffs request the Court direct counsel and parties to confer either by email or by telephone to schedule the Rule 26(f) conference. If there are problems or issues arising from that communication, the Court can address those matters at that time.

**Pillsbury & Read, P.A.**

_____
Rodney F. Pillsbury (Fed Bar #5963)
(Email: rpillsbury@prlawpa.com)

_____
John M. Read IV (Fed Bar #7684)
(Email: jread@prlawpa.com)
1204-A E. Washington Street
Greenville, SC 29601
Phone: (864) 241-9828
Fax: (864) 241-9818

-and-

**KELAHER, CONNELL & CONNOR, P.C.**

*/s/Gene M. Connell, Jr.*

---
Gene M. Connell, Jr. (Fed Bar #236)
The Courtyard, Suite 209
1500 U. S. Highway 17 North
Post Office Drawer 14547
Surfside Beach, South Carolina  29587-4547
(843) 238-5648 (phone)
(843) 238-5050 (facsimile)
gconnell@classactlaw.net

**Attorneys for Plaintiffs**

April 17, 2015