IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Harold Brooks, Clara Louise Brooks, Benjamin Brooks, William F. Tomz, Frances W. Tomz, Sharon Finch, Individually and as Class Representatives, | Civil Action No.: 6:14-cv-2267-BHH |
| Plaintiffs, | **OPINION AND ORDER** |
| vs. | |
| Arthur M. Field, Frederick Scott Pfeiffer, | |
| Defendants. | |
| Arthur M. Field, | |
| Counter-Claimant, | |
| vs. | |
| Harold Brooks, Clara Louise Brooks, Benjamin Brooks, William F. Tomz, and Sharon Finch, | |
| Counter-Defendants | |
| Arthur M. Field, | |
| Third-Party Plaintiff, | |
| vs. | |
| Capital Investment Funding, | |
| Third-Party Defendant. | |

On June 11, 2014, Plaintiffs filed this case alleging violations of the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"). On April 30, 2015, Defendant Arthur M. Field ("Field") filed a counterclaim against Plaintiffs, alleging thirteen causes of action.[1] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Jacquelyn D. Austin, for consideration of pretrial matters. The Magistrate Judge first prepared a thorough Report and Recommendation ("Report") on September 24, 2015, which recommends that Field's motion to compel arbitration be denied, motion to abstain be denied, and motion to compel arbitration and stay discovery be denied.[2] (ECF No. 157.) Field filed timely objections to the Report. (ECF No. 170.) The Magistrate Judge then prepared another thorough Report on November 12, 2015, which recommends that Plaintiffs' motion to dismiss counterclaims be denied. (ECF No. 199.) Plaintiffs filed timely objections to the Report (ECF No. 205) and Field filed a reply (ECF No. 208). For the reasons set forth herein, the Court adopts the September 24, 2015 Report and adopts in part the November 12, 2015 Report.

## BACKGROUND AND PROCEDURAL HISTORY

The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below only in relevant part. Plaintiffs filed this matter on June 11, 2014, alleging violations of the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"). (ECF No. 1.) Specifically, Plaintiffs allege violations of 18 U.S.C. § 1962(c) and (d). (*Id.* at 46–49.) They also seek class certification of a class as

---

[1] Field filed a substitute counterclaim on May 1, 2015 to correct scrivener's errors in the original counterclaim. (ECF No. 101.)
[2] The Magistrate Judge considered Field's second motion to compel arbitration and to stay discovery "as merely supportive of his first motion to compel arbitration." (ECF No. 157 at 3 n.2.)

well as actual damages, trebled, plus attorneys' fees and costs. (*Id.* at 49.) Field filed a counterclaim against Plaintiffs on April 30, 2015, alleging thirteen causes of action. (ECF No. 101.)

Field filed a motion to compel arbitration on April 30, 2015 (ECF No. 97), a motion to abstain on May 22, 2015 (ECF No. 110), and a second motion to compel arbitration and to stay discovery on September 17, 2015 (ECF No. 156). After consideration of the responses filed in opposition to these motions (ECF Nos. 125; 131), Field's replies (ECF Nos. 130; 138), and Plaintiffs' Amended Complaint (ECF No. 152), the Magistrate Judge issued a Report recommending that Field's motions all be denied. (ECF No. 157.) The Court has reviewed the objections to the Report, but finds them to be without merit. Therefore, it will enter judgment accordingly.[3]

In addition, on May 20, 2015, Plaintiffs filed a motion to dismiss counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 109.) After consideration of Field's responses filed in opposition to this motion (ECF No. 118; 119), and Plaintiffs' reply (ECF No. 134), the Magistrate Judge issued a Report recommending that Plaintiffs' motion be denied. The Court has reviewed the objections to the Report, but finds them largely to be without merit. Therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).

---

[3] As always, the Court says only what is necessary to address the parties' objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, exhaustive recitation of law and fact exists there.

The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

### A.     ECF No. 157, September 25, 2015 Report

The Magistrate Judge first recommended that Field's motion to compel arbitration be denied and the Court agrees. After summarizing the applicable federal arbitration law, the Magistrate Judge discussed the arbitration clause issue. (ECF No. 157 at 7–13.) The clause is found in the 2006 Prospectus, to which all Plaintiffs were allegedly subject as noteholders to securities controlled and managed by Defendants Field and Frederick Scott Pfeiffer (collectively, "Defendants"). The 2006 Prospectus states, in relevant part:

> [I]n the event any present or prior holder of a Note issued by the Company at any time has any dispute with the Company, including the validity hereof, such dispute shall be resolved by binding arbitration in Greenville County and the result thereof may be entered and enforced at law in a court of competent jurisdiction and the holder voluntarily waives the right to a trial by jury of such issue(s) to avoid the time and expense of litigation. This Agreement to arbitrate shall include all issues which may arise including the validity of this article for disputes of $50,000 or less. . . . Claims exceeding $50,000 in damages shall be litigated and venue shall be in Greenville County, South Carolina and the costs thereof and the legal fees of the successful party shall be borne by the party filing the claim.

(ECF No. 131-5 at 31.)

The Magistrate Judge correctly found South Carolina law requires that an "unambiguous, clear and explicit" contract "be construed according to the terms the

4

parties have used, to be taken and understood in their plain, ordinary, and popular sense." (ECF No. 157 at 11 (quoting *C.A.N. Enters., Inc. v. S.C. Health and Human Servs. Fin. Comm'n*, 373 S.E.2d 584, 586 (S.C. 1988)).) Looking to the arbitration clause, she correctly found that the clause "unambiguously refers to *disputes* and *claims* and not individual notes." (*Id.* at 13.) Accordingly, she properly found that "the clear language of the clause does not support" Field's assertion that "the arbitration clause intended to require arbitration for notes with a face value of less than $50,000" and that "each note constitutes a separate instrument for purposes of the arbitration clause." (*Id.* at 11–13.)

The Magistrate Judge then noted Plaintiffs' allegation that the notes purchased by them range in "aggregate value to each person from approximately $35,000.00 up through hundreds of thousands of dollars." (*Id.* at 13.) She further noted that Plaintiffs seek treble damages, which greatly increases the value of the notes at issue. (*Id.*) From this, she correctly found that "Plaintiffs' claims are expressly excluded from the arbitration requirement" and recommended denying Field's motion to compel arbitration. (*Id.*)

Here, Field's filing largely rehashes arguments previously considered by the Magistrate Judge. (ECF No. 170 at 3–9.) He objects to the Magistrate Judge's consideration of the aggregate value of the notes and the possibility of treble damages. (*Id.* at 3.) However, the Court agrees with the Magistrate Judge's calculation of the potential value of the *disputes* and *claims* at issue. She properly found that even if the median note was $30,000, the award of treble damages would bring such claims over

5

the $50,000 threshold. (ECF No. 157 at 13.) Thus, the dispute and claims at issue exceed $50,000, and the arbitration clause therefore does not apply. This objection is overruled.

The Magistrate Judge next recommended that Field's motion to abstain be denied and the Court agrees. She first correctly found that abstention was not proper under *Younger v. Harris*, 401 U.S. 37 (1971) because this case does not involve any federal constitutional issues. (ECF No. 157 at 14); *See Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir. 1989) (*Younger* demands abstention "where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action").[4] The Magistrate Judge next correctly found that abstention was not proper under the *Colorado River*[5] abstention doctrine because Field failed "to establish that this action is parallel to a pending state action." (ECF No 157 at 14); *See Hayes v. JP Morgan Chase Bank*, No. 3:13-cv-1884, 2014 WL 4198897, at *3 (D.S.C. Aug. 20, 2014) ("Under the *Colorado River* abstention doctrine, a district court may abstain from exercising jurisdiction 'in the exceptional circumstances where a federal case duplicates contemporaneous state proceedings, and wise judicial administration, giving regard to conservation of judicial resources, and comprehensive disposition of litigation clearly favors abstention.'") (quoting *Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332, 340–41 (2002)). She recognized Field's assertion that this action and the appeal pending in the Superior Court, Appellate Division, State of New Jersey are parallel and properly noted

---

[4] Field briefly objects to this finding, claiming that there are "significant state related matters warranting abstention under *Younger*." (ECF No. 170 at 9.) However, he provides no argument that this case involves any *federal constitutional* issues. *See Traverso*, 874 F.2d at 212. Accordingly, his objection is without merit.
[5] *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813 (1976).

that Field failed to provide any evidentiary support for this argument; specifically, a copy of the complaint in the state action. (ECF No. 157 at 14.)

Field has now attached a copy of the complaint in the New Jersey state case, *Capital Inv. Funding LLC v. Calvary Asset Mgmt., LLC*, No. BER-L-3790-12 (Dkt. No. 1, filed May 16, 2012), to his filing and asks the Court to "consider the allegations." (ECF No. 170 at 6.) Suits are considered parallel "if substantially the same parties litigate substantially the same issues in different forums." *Gannett Co., Inc. v. Clark Constr. Grp.*, 286 F.3d 737, 742 (4th Cir. 2002) (citation omitted). If actions involve different issues, remedies, or proof requirements, they are not parallel for the purposes of *Colorado River* abstention. *Id.* at 742–43. Even if two proceedings have "certain facts and arguments in common," they are not parallel unless the legal issues are "substantially the same." *Al–Abood v. El–Shamari*, 217 F.3d 225, 233 (4th Cir. 2000); *see also McLaughlin v. United Va. Bank*, 955 F.2d 930, 935 (4th Cir. 1992) ("In addition to party differences, it would appear that a breach of contract claim pending in the federal case is not pending, nor has it ever been pending, in any state court proceeding. It cannot be said therefore that parallel duplicative proceedings exist in state court so as to present a *Colorado River* issue."); *Red Bone Alley Foods, LLC v. Nat'l Food & Beverage, Inc.*, No. 4:13–cv–3590, 2014 WL 1093052, at *8 (D.S.C. Mar. 14, 2014) (holding that proceedings were not parallel, despite the common identity of the parties and the common issues of fact, because the claims alleged and remedies sought were not the same).

7

In this action, Plaintiffs have asserted federal claims for RICO violations against Defendants and seek class certification of a class as well as actual damages, trebled, plus attorneys' fees and costs. In contrast, Capital Investment Funding, Inc. ("CIF") does not assert these claims in the New Jersey state action and does not seek class certification or treble damages. Indeed, the claims in the state action do not arise under any state or federal securities law. Although there are clearly common factual questions between the two actions and some overlap of parties,[6] Plaintiffs suit in this Court involves entirely different claims. Accordingly, the two actions are not parallel and *Colorado River* abstention therefore does not apply. *See McLaughlin*, 955 F.2d at 935. Field's objection is therefore overruled.

**B.     ECF No. 199, November 12, 2015 Report[7]**

The Magistrate Judge recommended that the motion to dismiss counterclaims be denied based on the limited and conclusory arguments raised in the motion. She first considered Plaintiffs' cursory argument that Field's counterclaims warrant dismissal because they are based on the alleged actions of CIF and not Plaintiffs, finding this argument to be meritless. (ECF No. 199 at 10–11.) The Magistrate recognized that "Field's substitute counterclaim is somewhat confusing and inartfully pled." (*Id.* at 11.) However, she correctly found that "the Court cannot rely on one paragraph of the substitute counterclaim to support the proposition that the entire counterclaim is based

---

[6] CIF and Arthur Field are both involved in this action and the New Jersey state action. At this time, the Court makes no determination as to whether Plaintiffs and CIF are in privity for purposes of *Colorado River* abstention.

[7] The Court recognizes Field's argument that Plaintiffs' objections to this Report were untimely filed and should therefore not be considered. (ECF No. 208 at 1.) Specifically, Plaintiffs' objections were due December 3, 2015 and Plaintiffs filed their objections on December 4, 2015. Nevertheless, the Court will give Plaintiffs the benefit of the doubt and consider the merits of their objections.

upon the actions of CIF when numerous allegations in the substitute counterclaim refer to the actions of the individually named Plaintiffs." (*Id.*)

Plaintiff's argument on this finding is identical to that raised in their motion to dismiss. (ECF Nos. 205 at 4–5; 109 at 2–3.) Indeed, Plaintiffs fail to raise any arguments here that would invoke *de novo* review. Accordingly, the Court is tasked only with review of the Magistrate Judge's conclusions on this issue for clear error. The Court agrees with the Magistrate Judge's finding that at least some allegations in the substitute counterclaim are raised against the individually named Plaintiffs. Accordingly, the Court cannot agree with Plaintiffs that Field's apparent allegations against CIF provide "sufficient reason to dismiss Field's counterclaims *in toto*." (ECF No. 205 at 5.) The Magistrate Judge did not err in her recommendation that the motion to dismiss be denied on this basis.

The Magistrate Judge next found that Plaintiffs failed to establish that the RICO cause of action alleged in the substitute counterclaim is barred. She noted that Plaintiffs' brief argument on this issue—that Field's RICO claims are governed by the Private Securities Litigation Reform Act—failed to provide any legal authority or analysis for the Court to determine whether Field's RICO claims include conduct actionable as securities fraud. (ECF No. 199 at 12.)

Plaintiffs do not address this aspect of the Magistrate Judge's finding. Rather, they argue that Field's RICO allegations do not fall under "racketeering activity as defined by 18 U.S.C. § 1961(1). (ECF No. 205 at 5–6.) 18 U.S.C. § 1961(1) defines "racketeering activity" to include "any act or threat involving . . . extortion . . . [or] any act

which is indictable under any of the following provisions of Title 18, United States Code: . . . section 1956 (relating to the laundering of monetary instruments), section 1951 (relating to . . . extortion). . . ." Field alleges that Plaintiffs formed a collective "XYZ enterprise" that engaged in mail fraud, wire fraud, extortion, money laundering, and transportation of funds across state lines. (*Id.* at 18.) He further alleges that "Plaintiffs, individually or acting through their agents, have extorted monies from one or more people in violation of law." (*Id.*) Thus, the substitute counterclaim clearly alleges at least two acts committed by Plaintiffs that may be in violation of the extortion and money laundering statutes. Field has therefore met his pleading burden with respect to allegations of "racketeering activity." Plaintiffs' objection is therefore overruled as to Field's RICO claims.

Finally, the Magistrate Judge found that Plaintiffs' remaining arguments lacked any authoritative support and, therefore, she could not dismiss the substitute counterclaim based on the arguments put forth in the motion to dismiss. (ECF No. 199 at 12.) In their filing, Plaintiffs offer more comprehensive arguments on some of Field's remaining counterclaims. The Court will address these arguments in turn.

### 1. Misrepresentation, failure to supervise, breach of promise, invasion of privacy, extortion, and/or fraud

Field's second cause of action includes claims for misrepresentation, failure to supervise, breach of promise, invasion of privacy, extortion, and/or fraud. (ECF No. 101 at 24.) Plaintiffs first argue that South Carolina does not recognize a civil claim for extortion. (ECF No. 205 at 7.) However, S.C. Code Ann. § 16-17-640 appears to combine a cause of action for both blackmail and extortion. The statute states:

10

> Any person who verbally or by printing or writing or by electronic communications:
>> (1) accuses another of a crime or offense;
>> (2) exposes or publishes any of another's personal or business acts, infirmities, or failings; or
>> (3) compels any person to do any act, or to refrain from doing any lawful act, against his will;
>
> with intent to extort money or any other thing of value from any person, or attempts or threatens to do any of such acts, with the intent to extort money or any other thing of value, shall be guilty of blackmail and, upon conviction, shall be fined not more than five thousand dollars or imprisoned for not more than ten years, or both, in the discretion of the court.

S. C. Code Ann. § 16-17-640. Thus, the Court cannot dismiss Field's extortion claim on the basis that such a claim is not recognized under South Carolina law.

Plaintiffs next briefly argue that Field does not properly plead the elements of a fraud claim under South Carolina law and does not meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b). (ECF No. 205 at 7.) However, they offer no supporting argument. To properly plead fraud, Field must allege the following elements: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *Regions Bank v. Schmauch*, 582 S.E.2d 432, 444–45 (S.C. Ct. App. 2003). In addition, Federal Rule of Civil Procedure 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

The Court finds that Field's has sufficiently pled fraud under South Carolina law. He alleges, *inter alia*, that: (1) Plaintiffs "made numerous false representations to . . . Field . . . intending for Field to rely thereupon to his detriment"; (2) "Said persons knew or reasonably should have known such statements were false at the time of utterance and that Field would reasonably, foreseeably suffer damage as a result"; and (3) "Field did rely thereon and suffered significant economic damage, injury, and emotional trauma." (ECF No. 101 at 7–10.) He further alleges with particularity that certain circumstances constituted fraud, including that "Representations were made to . . . Field . . . and were intended to be relied upon to induce . . . Field . . . to issue Notes to Plaintiffs and/or do business with such Plaintiffs between 1999 and 2008, pay them interest and principal." (*Id.* at 7.) Based on the allegations set forth in the counterclaim and Plaintiffs' brief conclusory arguments, the Court cannot find a basis to dismiss Field's fraud claim.

Plaintiffs next appear to assert that Field's breach of promise and misrepresentation claims are based entirely on allegations that Plaintiffs misrepresented to Field that he would be dismissed with prejudice from further litigation under the Global Mediated Settlement Agreement ("GMSA"). (ECF No. 205 at 8.) They argue that because the GMSA explicitly provided that Field was being dismissed *without* prejudice, these claims fail as a matter of law. (Id.) However, Field appears to base these claims beyond any alleged representations made in the GMSA. For example, he alleges that Plaintiffs "made numerous false representations to CIF and/or Field and/or his agents, servants and employees intending for Field to rely thereupon to his detriment." (ECF No. 101 at 7.) Specifically, Plaintiffs "represented . . . on numerous and diverse times they

had received and thoroughly reviewed CIF Prospectus and Audits distributed at least annually." (*Id.*) Thus, Plaintiffs have failed to establish that these causes of action should be dismissed.

Finally, Plaintiffs briefly argue that Field has failed to establish invasion of privacy. However, they provide no legal authority for this argument. The Court will not dismiss this claim on such a conclusory basis.

### 2. Civil Conspiracy

Field's fourth cause of action alleges civil conspiracy. Civil conspiracy consists of three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, (3) which causes him special damage. *Lee v. Chesterfield Gen. Hosp. Inc.,* 344 S.E.2d 379 (S.C. Ct. App. 1986). The difference between civil and criminal conspiracy is that in criminal conspiracy the agreement is the gravamen of the offense, whereas in civil actions, the gravamen of the tort is the damage resulting to plaintiff from an overt act done pursuant to a common design. *Todd v. S.C. Farm Bureau Mut. Ins. Co.,* 278 S.E.2d 607, 611 (S.C. 1981). The Supreme Court of South Carolina has held that a civil conspiracy claim fails under South Carolina law where the cause of action "does no more than incorporate the prior allegations and then allege[s] the existence of a civil conspiracy." *Todd*, 278 S.E.2d at 611.

Here, Plaintiffs argue that Field "fails to allege [a] different act that was not already part of his other claims and fails to allege[] any special damage resulting from any alleged conspiracy." (ECF No. 205 at 10.) The Court agrees. Field's civil conspiracy claim merely rehashes Plaintiffs' alleged conduct as stated in Field's other causes of

action. Moreover, the damages sought in this cause of action are the same as those sought in his other causes of action—injunctive relief. Accordingly, the Court finds that Field has failed to properly plead a civil conspiracy claim under South Carolina law and dismisses this cause of action. Plaintiffs' objection is therefore granted.

### 3. Outrage and/or Infliction of Distress

Field's fifth cause of action is for intentional infliction of emotional distress. In South Carolina, in order to recover for the tort of intentional infliction of emotional distress or outrage, a plaintiff must establish the following:

> (1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct;
> (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community;
> (3) the actions of the defendant caused the plaintiff's emotional distress; and
> (4) the emotional distress suffered by the plaintiff was severe so that no reasonable man could be expected to endure it.

*Ford v. Hutson*, 276 S.E.2d 776, 778 (S.C. 1981) (citations and quotation marks omitted).

Here, Plaintiffs argue that "the bulk of [this] cause of action . . . is based upon litigation that CIF has pursued in various forums seeking to obtain recovery against all of the parties engaged with CIF during the time Field controlled it." (ECF No. 205 at 11.) They assert that this litigation "is not directed at Field." (*Id.*) However, the Court finds that this cause of action is not solely based on litigation pursued by CIF. Rather, it also concerns litigation brought by Plaintiffs in South Carolina state court, in which Fields was a defendant. (ECF Nos. 101 at 32; 1-8 at 2.) Field also alleges here that Plaintiffs made

14

comments at court hearings that "include[ed] foul language and telling a spouse or child to "'go F*k herself'" and/or to "'shut the F*k up.'" (ECF No. 101 at 34.) Accordingly, Plaintiffs have failed to establish that this cause of action should be dismissed.

### 4. Remaining Causes of Action

For Field's remaining causes of action, Plaintiffs offer only brief, conclusory arguments and fail to provide any legal authority in support of their objections. The Magistrate Judge has already cautioned Plaintiffs that "it is not the job of this Court to provide the legal research necessary to support the parties' arguments if the parties are unwilling to do so themselves." (ECF No. 199 at 13 (quoting *Bell v. Fairmont Raffles Hotel Int'l*, 2013 WL 1291005, at *2 (W.D. Pa. Mar. 27, 2013)).) Plaintiffs have again failed to brief Field's remaining causes of action effectively—the Court cannot dismiss Field's remaining causes of actions based on Plaintiffs' current arguments.

### **CONCLUSION**

After careful consideration of the relevant motions, responses, and objections, the Court adopts the September 24, 2015 Report (ECF No. 157), and adopts in part the November 12, 2015 Report (ECF No. 199). It is, therefore, ORDERED that Field's motion to compel arbitration (ECF No. 97) is DENIED, Field's motion to abstain (ECF No. 110) is DENIED, Field's motion to compel arbitration and stay discovery (ECF No. 156) is DENIED, and Plaintiffs' motion to dismiss counterclaims (ECF No. 109) is GRANTED IN PART and DENIED IN PART. Field's cause of action for civil conspiracy is therefore dismissed. However, Field's remaining causes of action set forth in his substitute counterclaim (ECF No. 101) may proceed.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
March 25, 2016