IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Harold Brooks, Clara Louise Brooks, Benjamin Brooks, William F. Tomz, Frances W. Tomz, Sharon Finch, Individually and as Class Representatives,<br><br>    Plaintiffs,<br>  v.<br><br>Arthur M. Field, Frederick Scott Pfeiffer,<br><br>    Defendants.<br>_____<br>Arthur M. Field,<br><br>    Counter-Claimant,<br>  v.<br><br>Benjamin Brooks, Clara Louise Brooks, Harold Brooks, Sharon Finch, William F. Tomz, Frances W. Tomz,<br><br>    Counter-Defendants.<br>_____<br>Arthur M. Field,<br><br>    Third Party Plaintiff,<br>  v.<br><br>Capital Investment Funding, LLC,<br><br>    Third Party Defendant.<br>_____<br>Capital Investment Funding, LLC,<br><br>    Counter-Claimant,<br>  v.<br><br>Arthur M. Field,<br><br>    Counter-Defendant.<br>_____ | Case No. 6:14-cv-02267-BHH-JDA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

This matter is before the Court on a motion for summary judgment filed by Defendant Frederick Scott Pfeiffer ("Pfeiffer") [Doc. 169]; a motion for sanctions filed by Pfeiffer [Doc. 193]; and a motion to voluntarily dismiss Pfeiffer without prejudice filed by Plaintiffs [Doc. 273]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pre-trial matters involving litigation by individuals proceeding pro se and to provide a report and recommendation to the District Court.[1]

Plaintiffs filed this case on June 11, 2014, alleging violations of the civil Racketeer Influenced and Corrupt Organizations Act ("RICO").[2] [Doc. 1.] On October 8, 2015, Pfeiffer filed a motion for summary judgment [Doc. 169], and on November 6, 2015, he filed a motion for sanctions [Doc. 193]. On November 10, 2015, Plaintiffs filed a response in opposition to the motion for summary judgment [Doc. 196], and on November 23, 2015, they filed a response in opposition to the motion for sanctions [Doc. 203]. Pfeiffer filed a reply to the motion for summary judgment on November 17, 2015. [Doc. 201.] Subsequently, the parties participated in mediation and settled certain aspects of the case. Consequently, Plaintiffs filed a motion seeking to voluntarily dismiss Pfeiffer without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. [Doc. 273.] Pfeiffer and Third Party Defendant Capital Investment Funding, LLC consent to Plaintiffs'

---

[1]Defendant Arthur M. Field is proceeding pro se.

[2]Plaintiffs, with leave of this Court, filed an Amended Complaint on September 10, 2015. [Doc. 152.] The Amended Complaint sets forth in more detail the elements required under Rule 23 of the Federal Rules of Civil Procedure in support of class certification. [*Id.*] The undersigned has previously set forth the relevant factual background taken directly from Plaintiffs' Amended Complaint. [*See* Doc. 157 at 3–7.]

2

motion to voluntarily dismiss Pfeiffer [*id.*]; Defendant Arthur M. Field neither consents nor objects to the motion [Doc. 278].  These motions are ripe for review, and the Court first addresses Plaintiffs' motion to voluntarily dismiss Pfeiffer without prejudice.

**Plaintiffs' Motion to Voluntarily Dismiss**

Rule 41(a)(2) of the Federal Rules of Civil Procedure states, "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  A district court has the discretion to grant or deny a motion for voluntary dismissal under Rule 41(a)(2), and "its order will ordinarily not be reversed except for an abuse of discretion."  *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (citing *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986); *Kenrose Mfg. Co. v. Fred Whitaker Co.*, 512 F.2d 890, 895 (4th Cir. 1972)).  The Fourth Circuit Court of Appeals has explained,

> The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced.  To fulfill this purpose, Rule 41(a)(2) requires a court order as a prerequisite to dismissal and permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice.  In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant.

*Davis*, 819 F.2d at 1273 (internal citations omitted).  Although a court must strongly consider prejudice to the defendant, "prejudice to the defendant does not result from the prospect of a second lawsuit," nor will "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation . . . serve to bar a second suit."  *Id.* at 1274–75 (citations omitted).  Thus, a plaintiff's motion for voluntary dismissal without prejudice generally should not be denied absent plain legal prejudice to the defendant.

3

*Gross v. Spies*, 133 F.3d 914, at *5 (4th Cir. 1998) (unpublished table decision).  When ruling on motions for voluntary dismissal, the court should consider the following factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for dismissal; and (4) the present stage of the litigation."  *Id.*  "These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case."  *Id.*

Applying the factors outlined in *Gross* to this case, the Court notes that, although this case was filed in June 2014, the parties have made little progress in moving the case forward, such that Pfeiffer has not had to expend resources to prepare for a trial in this matter.  Plaintiffs have yet to file a motion to certify the class almost two years after the case was filed and almost eight months after the Amended Complaint was filed.  Although the Court is not prepared to find that Plaintiffs' prosecution of this matter has resulted in excessive delay, the handling of this matter certainly has not exhibited the diligence necessary to move this case forward in a timely manner.  Further, upon review of the arguments presented by Pfeiffer in his motion for sanctions [Doc. 193], the Court finds that the need for a dismissal is clear.[3]  Moreover, Pfeiffer consents to a dismissal without prejudice pursuant to Rule 41(a)(2).[4]  [Doc. 273 at 3.]  Accordingly, the Court finds that

---

[3] Pfeiffer contends that Plaintiffs brought this case alleging civil RICO violations five years after the class settled its claims with Pfeiffer and one year after the court-appointed receiver of Capital Investment Funding, LLC settled a legal negligence case filed in South Carolina state court and a RICO case filed in this Court along with all claims, known or unknown, against Pfeiffer.  [Doc. 193-1 at 2.]

[4] Although the parties have agreed to a dismissal without prejudice, Plaintiffs are admonished against filing future litigation against Pfeiffer that is in contradiction to any

4

dismissal of Pfeiffer from this action will not result in plain legal prejudice to Pfeiffer; therefore, Plaintiffs' motion to voluntarily dismiss Pfeiffer without prejudice should be granted.

**Pfeiffer's Motions**

As stated, Pfeiffer consents to Plaintiffs' motion to voluntarily dismiss Pfeiffer without prejudice, and in the motion to voluntarily dismiss Pfeiffer, Plaintiffs state that if the Court grants Plaintiffs' motion, all motions filed by Pfeiffer may be dismissed as moot. [Doc. 273 at 2.] Because the undersigned recommends that Plaintiffs' motion to voluntarily dismiss Pfeiffer without prejudice be granted, Pfeiffer's motions for summary judgment and for sanctions should be found as moot.

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Plaintiffs' motion to voluntarily dismiss Pfeiffer without prejudice be GRANTED; recommends that Pfeiffer's motion for summary judgment be FOUND AS MOOT; and recommends that Pfeiffer's motion for sanctions be FOUND AS MOOT.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

April 26, 2016
Greenville, South Carolina

---

settlement agreements between the parties.